IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEANNA LYNN PHILLIPS                                       PLAINTIFF

vs.                                   Civil No. 2:12-cv-02240

CAROLYN W. COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Deanna Lynn Phillips ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her current disability applications on September 2, 2008.  (Tr. 107-119).  Plaintiff alleged she was disabled due to back pain.  (Tr. 139, 167).  Plaintiff alleged an onset date of March 1, 2007.  (Tr. 139).  These applications were denied initially and again upon reconsideration.  (Tr. 65-76).  Plaintiff subsequently requested an administrative hearing, and this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

hearing request was granted. (Tr. 18-43). On December 23, 2009, the ALJ issued an unfavorable decision denying Plaintiff's request for disability benefits. (Tr. 51-59). Plaintiff then appealed that denial to this Court, and Plaintiff's case was reversed and remanded for further consideration of the medical evidence and her treating physician's opinions. (Tr. 323-330).

The ALJ then held a second administrative hearing on Plaintiff's applications. (Tr. 287-317). This hearing was held on April 14, 2012 in Fort Smith, Arkansas. *Id.* Plaintiff was present and was represented by Iva Gibbons at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Larry Seifert, Ph.D. testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 290).

On June 18, 2012, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 275-282). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 277, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 1, 2007, her alleged onset date. (Tr. 277, Finding 2). The ALJ determined Plaintiff had the following severe impairments: back disorder (cervical and lumbar degenerative disc disease) and obesity. (Tr. 277-278, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 278, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 278-281, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: The claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit for a total of about six hours in an eight hour work day, and stand and/or walk for at least two hours in an eight hour work day.  The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crawl, or crouch.

*Id.*  After evaluating his RFC, the ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 281, Finding 6).  Considering her RFC and other limitations, the ALJ determined Plaintiff was capable of performing her PRW as an accounting clerk (skilled, sedentary work).  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from March 1, 2007 through the date of his decision or through June 18, 2012.  (Tr. 281-282, Finding 7).

Thereafter, on October 16, 2012, Plaintiff filed the current appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on November 29, 2012.  ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 9-10.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following points for reversal: (1) the ALJ failed to abide by the U.S. District Court's directive on remand; (2) the ALJ failed to properly develop the evidence; (3) the ALJ failed to consider the evidence which detracted from his findings; and (4) the ALJ failed to apply the proper legal standards. ECF No. 9 at 1-17. Because this Court finds the ALJ erred in evaluating Plaintiff's RFC and the medical records in this case, the Court will only address Plaintiff's first argument for reversal.

Previously, the Court remanded this action because the ALJ did not fully consider the opinions of Plaintiff's treating physician, Dr. Marshall. (Tr. 328-330). The Court also found the ALJ erred by not detailing how "Dr. Marshall's opinions were unsupported or inconsistent with other substantial evidence in the record." (Tr. 329).

After this remand, the ALJ attempted to remedy this problem in his second administrative decision. (Tr. 275-282). Notably, in this opinion, the ALJ discounted Dr. Marshall's findings primarily because "prior and subsequent medical evidence conflicts with Dr. Marshall's statement." (Tr. 280).

In making this determination, the ALJ entirely ignored a medical source statement completed by its own medical examiner, Dr. Clifford Lamar Evans, M.D. (Tr. 420-425). Dr. Evans completed this medical source statement on December 21, 2011. (Tr. 420-425). In this statement, Dr. Evans found Plaintiff had "moderate to severe limitations in body as a whole due to neck pain and pain and

5

stiffness in lower back." (Tr. 425). The ALJ did not even discuss the findings of Dr. Evans in his opinion and did not even attempt to reconcile the fact that this "subsequent medical evidence" supports Dr. Marshall's findings. The ALJ's failure to consider this evidence is especially egregious because Dr. Evans is a consultative examiner hired by the SSA. (Tr. 420). *See Reeder v. Apfel,* 214 F.3d 984, 987 (8th Cir. 2000) (reversing the ALJ's decision where the ALJ disregarded the findings of a consultative examiner without a basis for doing so).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of November 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE