IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEANNA LYNN PHILLIPS                                           PLAINTIFF

vs.                                   Civil No. 2:12-cv-02240

CAROLYN W. COLVIN                                           DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 13.  Defendant has responded to this Motion and objects to the number of hours requested.  ECF No. 15.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.  Pursuant to this authority, the Court issues this Order.

1.      **Background:**

Deanna Lynn Phillips ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On November 26, 2013, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF Nos. 10-11.

On February 13, 2014, Plaintiff filed the present Motion requesting an award of attorney's fees under EAJA.  ECF No. 13.  With this Motion, Plaintiff requests an award of attorney's fees of $6,326.34.  *Id.*  This amount represents 6.0 hours at an hourly rate of $180.00 during 2012 and 28.55 at an hourly rate of $182.97 during 2013 and 2014 in addition to $22.55 in out-of-pocket expenses. *Id.*  Defendant responded to this Motion on February 28, 2014.  ECF No. 15.  In this response, Defendant objects to 3.45 of the requested hours as not being compensable under EAJA.  *Id.*

2. **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990). *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

3.  **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 11-12. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 15. The Court construes the lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $6,326.34. ECF No. 13. This amount represents 6.0 hours at an hourly rate of $180.00 during 2012 and 28.55 at an hourly rate of $182.97 during 2013 and 2014 in addition to $22.55 in out-of-pocket expenses. *Id.* Defendant does not object to the requested hourly rates of $180.00 and $182.97. ECF No. 15. These requested hourly rate are authorized by the EAJA as long as the CPI-South Index justifies these enhanced rates. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504.

In the present action, Plaintiff has requested $180.00 per hour for work performed in 2012 and $182.97 per hour for work performed in 2013 and 2014. ECF No. 13. Based upon the CPI-

3

South Index, these hourly rates are authorized, and the Court finds they should be awarded.

Further, Plaintiff has requested 6 hours for attorney work performed in 2012 and 28.55 hours for attorney work performed in 2013 and 2014. ECF No. 13-5. Plaintiff has submitted an itemized bill in support of this request. *Id.* Defendant objects to 3.45 hours that have been requested (3.05 from 2012 and .40 from 2013). ECF No. 15. Specifically, Defendant claims these hours are not compensable under the EAJA because they either seek compensation for tasks performed at the administrative level or seek compensation for purely clerical matters. *Id.*

For instance, Defendant objects to the following entries, claiming Plaintiff is seeking compensation for 2.40 hours of administrative tasks: "Complete Review file to determine if exceptions would be filed with the Appeals Council or if the case would be better pursued directly in Federal District Court" (2.20 hours) and "Telephone call (msg) to client advising appeal to District Court and advised to contact GLO (memo to file)" (.20 hours). ECF No. 15 at 4. Defendant also objects to 1.05 hours as being purely clerical in nature. *Id.* An example of such an entry is "Receipt/Review NEF providing file stamped civil cover sheet" (.05 hour). *Id.*

Having reviewed these entries, the Court finds the 2.40 hours requested for "administrative tasks" actually reflect attorney work expended at the district court level in determining whether the appeal should be taken. Further, the 1.05 hours for work "purely clerical in nature" reflect attorney work expended in reviewing and keeping current on this case. Accordingly, the Court finds Defendant's objections to Plaintiff's requested time are without merit and should be denied.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 130 S.Ct. 2521 (2010). ECF No. 15. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Id*, 130 S.Ct. at 2528 . Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid

assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.[1]

**4.     Conclusion:**

Based upon the foregoing, the Court awards Plaintiff **$6,326.34** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.  This amount includes 6 hours at an hourly rate of $180.00 (2012) and 28.55 hours at an hourly rate of $182.97 (2013 and 2014) in addition to $22.55 in expenses.

**ENTERED this 5th day of March 2014.**

>   /s/   Barry A. Bryant
>   HON. BARRY A. BRYANT
>   U.S. MAGISTRATE JUDGE

---

[1] For instance, it appears Plaintiff owes an outstanding debt to the federal government (U.S. Department of Education) in the amount of $4,268.37.  ECF No. 13-1.  Thus, this EAJA award could be reduced by this amount.